## Commonwealth v. Stong

*Sidney M. DeAngelis*, for Commonwealth.

*Victor J. Roberts*, for defendants.

*Harold E. Binder*, for Lower Pottsgrove Township.

KNIGHT, P. J., October 3, 1957.—Defendants were convicted before a justice of the peace of a violation of the Zoning Ordinance of February 6, 1956, of Lower Pottsgrove Township and appealed to this court where the case was heard de novo before the writer.

By the ordinance above mentioned, the township was divided into seven zones or districts, among them a district termed "A-Agricultural". Defendants in May of this year applied to the zoning officer of the township for a permit to place a trailer or mobile house on a lot they had purchased in the "A-Agricultural" zone of the township. The zoning officer refused the permit and defendants appealed to the board of adjustment of the township for a variance. This was refused. In the meantime, defendants had moved their trailer to the lot. After being ordered to remove the trailer and refusing to comply with the order, a prosecution was instituted under section 1802 of the zoning ordinance and they were convicted and fined $50 and costs.

Occupancy of land with a trailer is not a permitted use in an "A-Agricultural" district, but defendants contend that a "single family detached dwelling" is

a permitted use and that their trailer is in fact and in law a single family detached dwelling. In support of this contention, counsel cites *Lower Merion Township v. Gallup,* 158 Pa. Superior Ct. 572, and lower court cases which have followed in its train.

These cases hold that: "A house trailer is simply a mobile house. It is as much a dwelling as any house which is built on a foundation and therefor not mobile." The Gallup case arose under a building ordinance and not under a zoning ordinance. Is defendants' trailer a single family detached dwelling within the meaning of the Lower Pottsgrove Township Zoning Ordinance? To answer this question, recourse must be had to the definitions contained in the ordinance. In article 2, sec. 200, of the ordinance, we find under paragraph 8: "Dwelling. Single family. A building designed for and occupied exclusively as a dwelling for one family." It is conceeded that the trailer is designed and occupied by one family. It will be noted that "dwelling" in the above definition is described as a "building". We must therefor look to see how a "building" is defined and we find this in paragraph 2 of section 200: "Building. Any structure having enclosing walls and roof, permanently located on the land."

The word "permanently" is certainly inconsistent with the idea of a mobile house. The very definition of a trailer, as contained in the Gallup case, supra, namely "a mobile house", is contradictory to the word "permanently" as used in the Zoning Ordinance of Lower Pottsgrove Township. In the Gallup case, defendant contended that his trailer was not a dwelling house within the meaning of the Lower Merion Building Code. This court held that it was.

A different question presents itself in this case.

After fully considering the testimony and the memorandums of law handed up by counsel, we have come

to the conclusion that defendants are guilty of a violation of the Zoning Ordinance of Lower Pottsgrove Township by placing a trailer for dwelling use in an "A-Agricultural" district.

And now, October 3, 1957, defendants are found guilty and directed to appear on Friday, October 11, 1957, at 10 a.m. in court room "B" to receive the sentence of the court.